I must respectfully disagree with my colleagues in the resolution of this matter. I am unable to ascertain any basis whereby the trial court acquired or reacquired jurisdiction to determine this matter, once the court had granted the divorce, divided the property of the parties in its order, and there was no appeal of that order.
Divorce is a creature of statute, not one of the common law. While R.C. 3105.011 confers "full equitable powers and jurisdiction" upon the divorce court to determine domestic relations matters, the court must exercise those powers within the limits set by statute.
The sole marital asset was a house in Florida, which the parties believed to have equity value of $39,000. The trial court awarded the wife a total of $36,608.69, to be paid from the proceeds of the sale of this Florida real estate. Neither party appealed this order of the court below, regarding either the amount due the wife, or the source of payment to her
Under the terms of this divorce decree, the wife was to receive the first $36,608.69 from the sale proceeds of the Florida property, with the parties to equally divide the balance of the proceeds remaining thereafter. The problem giving rise to the matter presently before us is that the Florida property sold for much less than anticipated, netting only $23,046.68, all of which was properly distributed to the wife. Even so, the parties remain bound by the terms of the original decree and property division.
The court below reopened this matter and imposed a "deficiency judgment" on appellant, in the amount of $6,448.52, because the net proceeds realized from the sale of the Florida real estate were insufficient to pay the wife in frill, in accordance with the original divorce decree. It is here that the trial court overstepped its bounds.
The trial court had lost jurisdiction over this matter. The trial court may not modify the prior property division. R.C. 3105.171 (I). Nor may the court reopen the property division under the guise of "interpreting" its decision, for no amount of creative "interpretation" will create new marital property to distribute where there is none. Only appellant's separate funds, as previously determined and ordered in the original divorce decree of the trial court, remained available for further distribution to the appellee, a source no longer within the province of the court below.
Once the trial court had determined and ordered both the amount due the appellee, and the source of payment to her, she must be satisfied with whatever she received from the sale of the Florida property. There is no further marital property to divide. Nor is there any statutory authority for the court to reopen this matter and further divide the separate property of these now unmarried parties.
I would reverse the decision of the trial court, based on a lack of jurisdiction.